**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**BRENDA RIANO,**

                          **Plaintiff,**

    vs.                                                    5:13-cv-352
                                                                   (MAD/TWD)

**TOWN OF SCHROEPPEL, by the
TOWN BOARD OF THE TOWN OF SCHROEPPEL,
consisting of PATRICK J. NUGENT, Town Supervisor,
PAUL M. GILBERT, Town Councilman,
RICHARD P. KLINE, Town Councilman,
WILLIAM GODFREY, Town Councilman,
WILLIAM W. VANDYKE, Town Councilman,
ROBERT DALTON, Code Enforcement Officer
of the Town of Schroeppel, and PAUL D. CASPER, JR.,
former Town Supervisor of the Town of Schroeppel,**

                          **Defendants.**
_____

**APPEARANCES:**                                    **OF COUNSEL:**

**NEIL M. GINGOLD, ATTORNEY**          **NEIL M. GINGOLD, ESQ.**
5178 Winterton Drive
Fayetteville, New York 13066
Attorney for Plaintiff

**RICE & AMON**                                     **TERRY RICE, ESQ.**
Four Executive Boulevard
Suite 100
Suffern, New York 10901
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    On March 1, 2013, Plaintiff commenced this suit by filing a notice of petition and verified

petition in New York State Supreme Court, Onondaga County. *See* Dkt. No. 1 at 5-50

("Petition").[1]  In the Petition, Plaintiff asserts claims arising out of Defendants' issuance of a demolition permit and subsequent stop-work order.  Plaintiff seeks a declaratory judgment pursuant to Section 3001 of the New York Civil Practice Law and Rules and damages under 42 U.S.C. § 1983.  *See id.*  On March 28, 2013, Defendants timely removed the action to this Court pursuant to 28 U.S.C. § 1441 *et seq.*, on the grounds that it "arises under the Constitution and laws of the United States and involves a federal question."  *See* Dkt. No. 1 at 2, ¶ 3.  Currently before the Court is Plaintiff's motion to remand to New York State Supreme Court.  *See* Dkt. No. 3.

## II. BACKGROUND

The following facts are alleged in Plaintiff's Petition.  Plaintiff Brenda Riano is an individual residing in Phoenix, New York.  *See* Petition ¶ 2.  Defendant Town of Schroeppel ("Town") is a municipal corporation organized under the laws of the State of New York.  *Id.* ¶ 3.  Defendants Patrick J. Nugent (Town Supervisor), Paul M. Gilbert (Town Councilman), Richard P. Kline (Town Councilman), William Godfrey (Town Councilman), and Paul W. VanDyke (Town Councilman), are sued in their official capacities as elected members of the Town of Schroeppel Town Council.  *Id.* ¶ 4.  Defendant Nugent is also sued in his individual capacity.  *Id.* ¶ 5.  Defendant Robert Dalton, the Town's Code Enforcement Officer, is sued in both his official and individual capacity.  *Id.* ¶ 6.  Defendant Paul D. Casler, Jr. is the former Town Supervisor and is sued in his individual capacity.  *Id.* ¶ 7.

---

[1] Citations to page numbers of documents identified by docket entry number are to the page numbers assigned by the Court's electronic filing system.

In 2007, the Town passed a local law titled "Local Law Providing for the Administration and Enforcement of the New York State Uniform Fire Prevention and Building Code," which provides:

> This local law provides for the administration and enforcement of the New York State Uniform Fire Prevention and Building Code (Uniform Code) and the State Energy Conservation Construction Code (the Energy Code) in this Town. Except as otherwise provided in the Uniform Code, other state law, or other section of this local law, all buildings, structures, and premises, regardless of use or occupancy, are subject to the provisions of this local law.

*Id.* ¶ 9 (quoting Local Law No. 1 of 2007 of the Town of Schroeppel ("Local Law No. 1")). Local Law No. 1, Section 5 provides that a building permit which conforms to the requirements of the Uniform Code is a prerequisite for projects, including demolition of any building or structure. *See id.* ¶ 36.

Article 18 of the New York Executive Law, the New York State Uniform Fire Prevention and Building Code Act, states:

> 1. The provisions of this article and of the uniform fire prevention and building code shall supersede any other provision of a general, special or local law, ordinance, administrative code, rule or regulation inconsistent or in conflict therewith[.]
>
> 2. Nothing herein shall be construed as affecting the authority of the state labor department to enforce a safety or health standard issued under provisions of sections twenty-seven and twenty-seven-a of the labor law.

*Id.* ¶ 54 (quoting N.Y. Exec. Law § 383). The New York State Department of Labor, pursuant to its authority under New York State law, has promulgated regulations regarding asbestos surveys under 12 N.Y.C.R.R. Part 56. Subsection 56-5.1(g) mandates that an asbestos survey is a prerequisite to the issuance of a building or demolition permit. *See id.* ¶ 58.

3

On March 24, 2011, Plaintiff visited the Town Code Enforcement Office ("CEO") to obtain a permit to demolish a building which formerly housed her bowling alley business, the Phoenix Bowl Inn Sports Center ("Bowl Inn"). Plaintiff was instructed by a clerk in the CEO that all she would need to submit in order to obtain the demolition permit is a permit application, a certificate of insurance, and a thirty dollar ($30.00) fee. *See id.* ¶¶ 10-17, 24. Thereafter, on March 25, 2011, the CEO issued Plaintiff the requested demolition permit for the Bowl Inn. *See id.* ¶¶ 18-19.

Plaintiff commenced demolition of the Bowl Inn on April 19, 2011, and on April 20, 2011, Plaintiff was verbally issued a stop work order for the demolition by Defendant Dalton, on the grounds that an asbestos survey had not been conducted prior to issuance of the demolition permit. *See id.* ¶¶ 20, 24, 73. On April 25, 2011, Plaintiff received a written Notice of Violation and Order to Comply from the New York State Department of Labor, Division of Asbestos Control. This notice informed Plaintiff that, since she had failed to prepare an asbestos survey prior to the commencement of demolition of the Bowl Inn, the entire site was deemed contaminated. As a result, all of the remaining debris was to be assumed contaminated with asbestos containing material and, therefore, had to be handled and disposed of as asbestos. *See id.* ¶¶ 27-28.

Plaintiff had contracted with non-party Alpco Recycling ("Alpco") for the demolition of the Bowl Inn. The contract called for Alpco to demolish the entire building, recycle or sell any material capable of being recycled or sold, level the grade of the site, and remove any remaining debris. Alpco could not sell or recycle any of the scrap metal and other materials because of the State Department of Labor's determination that the debris from the demolition that had been completed, as well as the parts of the Bowl Inn that had not yet been demolished, were deemed

4

contaminated by asbestos. As a result, Alpco backed out of performing the remainder of its obligations under the contract, and Plaintiff has not completed the demolition and removal *See id.* ¶¶ 76-77.

Plaintiff had also contracted with a non-party retail sales company to purchase the Bowl Inn property for development. This contract required that the site be cleared of the Bowl Inn structure. Since Plaintiff did not satisfy this condition, the developer withdrew from the contract for sale. *See id.* ¶¶ 78-79.

Plaintiff alleges that

> Local Law No. 1 is in violation of the State of New York Labor Law and its regulations dealing with asbestos[.]
>
> The Town of Schroeppel Code Enforcement Officer is prohibited and would be negligent under the State Labor Law to issue a Demolition Permit for a building or structure, knowing there has not been prepared an asbestos survey for that building or structure, for that violates the Labor Law.
>
> . . .
>
> [Plaintiff] contends that [Local Law No. 1] is invalid and unenforceable, both on its face and as construed by [Defendants], in that [Local Law No. 1] is in clear conflict with the preemptive State Labor Law and its regulations as to the asbestos and demolition activities associated therewith, when the Town issued a Demolition Permit to [Plaintiff] on March 26, 2011, allowing her to commence the demolition of her building, and then three and a half weeks later the Town Code Enforcement Officer issued a verbal Stop Work Order to [Plaintiff] based on [Plaintiff] not having prepared an asbestos survey of her building prior to commencing the demolition.

*Id.* ¶¶ 75, 90, 98. Plaintiff's first cause of action seeks a declaration pursuant to N.Y. C.P.L.R. § 3001 as to the validity of Local Law No. 1 and whether it was "negligently administered" by Defendants. *See id.* ¶¶ 99-100, A. Plaintiff's second cause of action seeks money damages arising out of Defendants' conduct, as well as a determination that Defendants deprived Plaintiff

5

of her rights under the Due Process, Equal Protection, and Contract Clauses of the United States Constitution and comparable provisions of the New York State Constitution. *See id.* ¶¶ 101-102, D.

### III. DISCUSSION

Federal district courts are courts of limited jurisdiction. Under 28 U.S.C. § 1331, a federal court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A defendant may remove to federal court "'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *Shapiro v. Logistec USA Inc.*, 412 F.3d 307, 309-10 (2d Cir. 2005) (quoting 28 U.S.C. § 1441(a)). However, once a case has been removed, it must be remanded "'[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" *Id.* at 310 (quoting 28 U.S.C. § 1447(c)). "Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper." *See Cal. Pub. Emps' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) (citations omitted). If there are any doubts as to removability, they are resolved against removability "out of respect for the limited jurisdiction of the federal courts and the rights of [the] states[.]" *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (citation omitted). Although there is a presumption that the court has jurisdiction when the matter is brought in federal court in the first instance, "[a] defendant removing a case to federal court encounters instead the general principle that removal is disfavored and remand favored." *Pollock v. Trustmark Ins. Co.*, 367 F. Supp. 2d 293, 296-97 (E.D.N.Y. 2005) (citation omitted).

Plaintiff raises several arguments in support of her motion to remand. First, Plaintiff argues that Defendants' notice of removal was procedurally improper because "[n]one of the defendants filed any written joinder or consent to remove this case from state court to federal court within 30 days of their being served with the Verified [P]etition in this case[.]" Dkt. No. 3-2 at 2. Second, Plaintiff argues that this Court should remand the case because "[t]he state law cause of action is clearly the predominant matter herein[.]" Dkt. No. 3-1 at 2. Finally, Plaintiff argues that Defendants' notice of removal failed to allege the proper basis for removal and instead cited to 28 U.S.C. § 1441(d), which permits the removal of civil actions brought in state courts against foreign states. *See* Dkt. No. 7, ¶ 22.

In response, Defendants assert that the Notice of Removal, filed on March 25, 2013, *see* Dkt. No. 1, was properly signed by counsel on behalf of all Defendants and thus, was not procedurally deficient. *See* Dkt. No. 5, ¶¶ 8-9. Defendants also argue that there is no support for Plaintiff's proposition that because the state law cause of action is predominant, remand of the entire case is appropriate. It was Plaintiff who interposed federal constitutional claims, Defendants argue, and thus, the matter was properly removed. *See id.* ¶ 11. Since Plaintiff's final argument, regarding the statutory basis for removal alleged by Defendants in their notice of removal, was raised in her reply, Defendants have not had the opportunity to respond.

**A.  Plaintiff's Procedural Arguments for Remand**

28 U.S.C. § 1446, which governs the procedure for removal of civil actions to federal court, provides:

> (a) A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the

> grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> . . .
>
> (b)(2)(A) When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.

28 U.S.C. § 1446.

Plaintiff argues that the notice of removal was procedurally deficient because it "contains no joinder or consent by any of the defendants," Dkt. No. 3-2 at 2, and because Defendants cited section 1441(d) as the basis for removal, "which is clearly inapplicable to the facts herein," Dkt. No. 7, ¶ 22. With regard to the first argument, Defendants note that the notice of removal was "signed by [counsel] in his capacity as the attorney for all of the 'Respondents.'" Dkt. No. 5, ¶ 8; *see also* Dkt. No. 1.

"While courts generally do not require all defendants to sign the removal petition itself, most courts have required some form of unambiguous written evidence of consent to the court in timely fashion[,]" a requirement known as the "rule of unanimity." *Heller v. N.Y.C. Health and Hosps. Corp.*, No. 09 Civ. 6193, 2010 WL 481336, *2 (S.D.N.Y. Feb. 1, 2010) (citations omitted); *see also Codapro Corp. v. Wilson*, 997 F. Supp. 322, 325 (E.D.N.Y. 1998) (discussing requirement that some form of unambiguous written evidence of consent be submitted to the court in timely fashion); *Sleight v. Ford Motor Co.*, No. 10 Civ. 3629, 2010 WL 3528533, *1 (E.D.N.Y. Sept. 3, 2010) (holding that, "in cases where there are multiple defendants, the Rule of Unanimity requires that 'all named defendants over whom the state court acquired jurisdiction must join in the removal petition for removal to be proper'"). "Without such consent, 'there would be nothing on the record to bind the allegedly consenting defendant' or 'prevent[ ] one defendant from choosing a forum for all.'" *Glatzer v. Cardozo*, No. 05 civ. 10113, 2007 WL 6925941, *2

8

(S.D.N.Y. Sept. 26, 2007) (citing *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988)); *see also Town of Moreau v. State Dep't of Envtl. Conserv.*, No. 96-CV-983, 1997 WL 243258, *5 (N.D.N.Y. May 5, 1997).

"It is insufficient for a defendant who has not signed the removal petition to merely advise the removing defendant that it consents to removal and that the removing defendant may represent such consent to the Court on its behalf." *Edelman v. Page*, 535 F. Supp. 2d 290, 292 (D. Conn. 2008) (internal quotation marks and citation omitted). Nevertheless, a defendant may consent to removal through counsel. *See Ferreira v. New York Daily News*, No. 08-CV-1520, 2009 WL 890577, *2 (E.D.N.Y. Mar. 31, 2009).

Plaintiff, in apparent recognition that Defendants' notice of removal satisfied the "rule of unanimity" on its face, argues in reply that "there is serious question as to how and when the unified concurrence on the part of all seven individual respondents occurred." Dkt. No. 7, ¶ 12; *see also id.*, ¶ 5 ("I question whether [Defendants' counsel] signed the Notice of Removal in his capacity as the attorney for all of the respondents"). In support of this argument, Plaintiff refers to several Town Board minutes which, it is alleged, demonstrate that no resolution was raised or approved regarding the retention of counsel in this matter. Plaintiff also raises questions regarding certain conflicts of interest that may exist among the Defendants. Since these arguments are raised by Plaintiff for the first time in her reply brief, the Court is well within its discretion to decline to consider them. *See, e.g.*, *Lee Valley Tools, Ltd. v. Indus. Blade Co.*, 288 F.R.D. 254, 263 n.7 (W.D.N.Y. 2013) (citing, *inter alia*, *In re Dobbs*, 227 Fed. Appx. 63, 64 (2d Cir. 2007)).

9

Nevertheless, the Court finds that these arguments are not appropriately raised at this time. Counsel for Defendants filed the notice of removal pursuant to Fed. R. Civ. P. 11, and represented to the Court that he did so on behalf of *all* Defendants. Rule 11 requires that

> [e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name–or by a party personally if the party is unrepresented[.]
>
> By presenting to the court a pleading, written motion, or other paper–whether by signing, filing, submitting, or later advocating it–an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(a), (b); *see also id.*, subsection (c) (providing that failure to abide by the requirements of Rule 11 can subject responsible attorneys, law firms, and parties to sanctions for their violations). Thus, counsel for Defendants has represented to this Court, upon penalty of Rule 11 sanctions, that he was authorized to file the notice of removal on behalf of all Defendants. Based upon this record, the Court finds Defendants have satisfied the rule of unanimity. Plaintiff may pursue her theories regarding the manner of consent and the extent of any conflicts among Defendants during discovery and, providing Defendants notice and an opportunity to respond, renew her motion at a later time.

Plaintiff also argues that the notice of removal was procedurally defective because Defendants cite to 28 U.S.C. § 1441(d) as the basis for removal. *See* Dkt. No. 1, ¶ 3 ("this action may be removed to this Court pursuant to 28 U.S.C. §§ 1441(d) and 1331"); *see also id.*, ¶¶ 5, 6. As Plaintiff correctly notes, section 1441(d) is not an appropriate basis for removal of the instant action. That provision allows for the removal of actions brought in a state court against a foreign state. Since this argument was only raised by Plaintiff on reply, as noted *supra*, the Court is well within its discretion to disregard it. *See Lee Valley Tools*, 288 F.R.D. at 263 n.7.

In the interest of resolving disputes on the merits, the Court finds that this argument to be unpersuasive. Although Defendants have not had an opportunity to respond to this argument, it is clear that none of the Defendants contend that they are a foreign state, and thus, removal under section 1441(d) is appropriate. Rather, Defendants clearly contend that removal is appropriate because this case raises a federal constitutional question, which it does. Nor has Plaintiff argued that removal of the federal claim was jurisdictionally inappropriate. Although Defendants mistakenly cited to section 1441(d), this scrivener's error does not change the fact that Defendants sought removal "pursuant to 28 U.S.C. § 1441 et seq.," because this "civil action arises under the Constitution and laws of the United States and involves a federal question." Dkt. No. 1 at 2. Accordingly, the Court denies Plaintiff's motion to remand on this basis. *See Camacho v. Varela*, No. 05-CA-341, 2005 WL 2931949, *1 (W.D. Tex. Nov. 4, 2005) (rejecting the plaintiff's argument that the defendants' notice of removal was procedurally defective because they incorrectly cited to 28 U.S.C. § 1332(a)(2), rather than 28 U.S.C. § 1332(a)(1), as the basis for diversity jurisdiction).

**B.     Plaintiff's Jurisdictional Arguments in favor of Remand**

Plaintiff next argues "the Court should remand the entire case back to State Supreme Court, under 28 U.S.C. § 1367(c)(1) that the claim raises a novel or complex issue of State law, or under 1367(c)(2), that the claim substantially predominates over the claim which the district court has original jurisdiction [sic]." Dkt. No. 7, ¶ 34. In the alternative, Plaintiff argues, "the court should remand the state cause of action for a declaratory judgment, while this court retains the 1983 cause of action, but hold the federal cause of action pending the state court disposition." *Id.* ¶ 35.[2]

Under 28 U.S.C. § 1441, the federal removal statute, a defendant may remove a civil action from state court to federal court if the action could originally have been brought in federal court pursuant to either the court's federal question (28 U.S.C. § 1331) or diversity (28 U.S.C. § 1332) jurisdiction. *See* 28 U.S.C. § 1441(a), (b). A federal question arises if a substantial, disputed question of federal law is presented on the face of a plaintiff's "well-pleaded complaint." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004). The removal statute provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district

---

[2] In her opening brief, Plaintiff also argued that 28 U.S.C. § 1441(c) requires that "state claims are to be severed and remanded back to the state courts from which the claims originated." Section 1441(c) applies to civil actions that include "a claim not within the original or supplemental jurisdiction of the court or a claim that has been made non-removable by statute." Since the Court finds, and Plaintiff concedes, that the state law claims are within the Court's supplemental jurisdiction, and Plaintiff has not argued that the state law claims are non-removable by statute, section 1441(c) is inapplicable to the instant motion. *See Moore v. Svehlak*, No. 12-2727, 2013 WL 3683838, *8-9 (D. Md. July 11, 2013) (stating that "[i]t is only when a federal claim is combined with a state law claim over which the court lacks supplemental or original jurisdiction that 'removal under subparagraph (1)' of section 1441(c) is authorized") (quoting 28 U.S.C. § 1441(c)(2) and legislative history of 2011 amendments thereto). Moreover, as discussed *supra*, Plaintiff herself argued that Defendants failed to satisfy the rule of unanimity under section 1446(b)(2)(A), which by its terms applies only to "civil action[s] [ ] removed solely under section 1441(a)." 28 U.S.C. § 1446(b)(2)(A).

court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Once a case has been properly removed, a federal court must generally entertain all claims over which it has original subject-matter jurisdiction. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). Here, Defendants' removal was proper because Plaintiff's complaint raises questions of federal law, specifically violations of 42 U.S.C. § 1983. Plaintiff concedes as much, but asserts that remand is nevertheless appropriate because the state law claim raises a novel or complex issue of state law and substantially predominates over the federal claim.

As an initial matter, this Court does not have the authority to remand Plaintiff's federal claims at this stage of the litigation. There is substantial precedent in this Circuit which holds that neither the removal statute, 28 U.S.C. § 1441, nor the supplemental jurisdiction statute, 28 U.S.C. § 1367, authorizes a federal court to remand claims over which it has original jurisdiction. *See, e.g.*, *Hickerson v. City of New York*, 932 F. Supp. 550, 557-59 (S.D.N.Y. 1996); *City of New Rochelle v. Town of Mamaroneck*, 111 F. Supp. 2d 353, 371-73 (S.D.N.Y. 2000); *Law v. City of Ansonia*, No. 05-CV-1515, 2005 WL 3132703, *1 (D. Conn. Nov. 22, 2005); *Nelson v. City of Rochester*, 492 F. Supp. 2d. 282, 287-88 (W.D.N.Y. 2007). Thus, "this Court has an obligation to exercise jurisdiction over federal claims properly before it." *Sherman v. City of Chester*, No. 01 CIV. 8884, 2001 WL 1448613, *5 (S.D.N.Y. Nov. 15, 2001). Having found that the Court cannot remand Plaintiff's federal claim, the Court will next analyze whether exercising supplemental jurisdiction over Plaintiff's state law claims is appropriate. *See GBI Holding Co. v. City of Chelan*, No. 12-CV-89, 2012 WL 1610093, *2 (E.D. Wash. May 7, 2012); 14B Charles A. Wright, et al., Federal Practice and Procedure § 3722 (4th ed. 2012) (stating that "the federal

court, in its discretion under Section 1367(c), may decline to hear supplemental state law claims, and remand them to state court").

A federal court must perform a two-step inquiry when deciding whether to exercise supplemental jurisdiction over state law claims upon removal. First, the court must determine whether the state law claims "are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy[.]" 28 U.S.C. § 1367(a); *see also Miller v. Lovett*, 879 F.2d 1066, 1071 (2d Cir. 1989) (observing that supplemental jurisdiction is appropriate where "the state and federal claims derive from a common nucleus of operative fact"), *partially abrogated on other grounds by Graham v. Connor*, 490 U.S. 386 (1989). If this requirement is not satisfied, the court must remand the state law claims to the state court in which they were originally filed for lack of subject matter jurisdiction. 28 U.S.C. § 1441(c)(2). Second, if the court concludes that the "same case or controversy" requirement is satisfied, it must then decide whether to exercise supplemental jurisdiction based upon the factors set forth in 28 U.S.C. § 1367(c). Those factors are: (1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). "Once a court identifies one of the factual predicates which corresponds to one of the subsection 1367(c) categories, the exercise of discretion 'is informed by whether remanding the pendent state claims comports with the underlying objective of most sensibly accommodat[ing] the values of economy, convenience, fairness, and comity.'" *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 446 (2d Cir. 1998) (citation omitted). If the court declines to exercise supplemental jurisdiction after consideration of the statutory and common law factors, the court may then remand the state law

14

claims to the state court in which they were originally filed. *See City of New Rochelle v. Town of Mamaroneck*, 111 F. Supp. 2d 353, 370 (S.D.N.Y. 2000) (observing that "where the Court declines to exercise supplemental jurisdiction, it has discretion to remand the case back to state court") (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988); 14C Wright, *et al.*, § 3739 (noting that "[a] federal court exercising subject-matter jurisdiction, whether because the plaintiff commenced the case in federal court or because the defendant removed it there, always has had the option of hearing or dismissing any state law claims that are supplemental to the federal claims that are the basis for jurisdiction").

Plaintiff concedes, as she must, that original jurisdiction over her section 1983 claim is proper. *See* Dkt. No. 3 (stating that the section 1983 cause of action is "within the original jurisdiction of this court"). The Court must then decide whether to exercise supplemental jurisdiction over Plaintiff's state law claim. As an initial matter, the Court finds that Plaintiff's state law claim arises from the same case or controversy and common nucleus of operative fact as her section 1983 claim, which Plaintiff does not dispute, *see* Dkt. No. 31, ¶ 10 (asserting that the section 1983 claim "is ostensibly based on the underlying facts from the first cause of action [i.e., the state law claim]"). Accordingly, the Court concludes that it *may* exercise supplemental jurisdiction over this claim pursuant to section 1367(a). As such, the Court must next determine whether it *should* exercise supplemental jurisdiction pursuant to section 1367(c). *See Carnegie-Mellon Univ.*, 484 U.S. at 350 (noting that the doctrine of supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right") (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)).

    *1.*    *28 U.S.C. § 1367(c)(1)*

Plaintiff asserts that this case raises issues of first impression regarding whether Local Law No. 1 is a violation of New York State Law and whether the Town is applying Local Law No. 1 in contravention of New York State Law. *See* Dkt. No. 3-2 at 1; Dkt. No. 7, ¶ 32. Specifically, Plaintiff seeks

> a determination from the court as to whether the Town of Schroeppel Local Law No. 1 of 2007 was in violation of, and contrary, to the terms and conditions of the *New York State Uniform Fire Prevention and Building Code* (the Building Code); Article 9, § 2 *Powers and duties of legislature; home rule powers of local government; statute of local governments, of the New York State Constitution*; New York State Executive Law § 383 Construction with other laws; severability (as to the Building Code); Article 30 of the New York State Labor Law *Asbestos or Products Containing Asbestos; Licensing* under the New York State Labor Law; and Title 12 of New York Codes, Rules and Regulations Part 56-5.

Dkt. No. 7, ¶ 4.

In deciding the instant motion, the Court is guided by certain fundamental principles regarding federal court jurisdiction. "Federal courts are [ ] obligated [ ] to avoid deciding a federal constitutional question unless decision is 'absolutely necessary to a decision of the case.'" *Hickerson v. City of New York*, 932 F. Supp. 550, 554 (S.D.N.Y. 1996) (quoting *Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 247 (Brandeis, J. concurring)). That is, "a case should be decided first on state law grounds in order to eliminate the need to decide a federal constitutional question." *Id.* (citing *Siler v. Louisville & Nashville R.R.*, 213 U.S. 175, 193 (1909)). As the Second Circuit has held: "Where a pendent state claim turns on novel or unresolved questions of state law, especially where those questions concern the state's interest in the administration of its government, principles of federalism and comity may dictate that these questions be left for decision by the state courts." *Seabrook v. Jacobson*, 153 F.3d 70, 72 (2d Cir. 1998).

The New York State law claim in this case is precisely the type of novel and complex state law issue which federal courts should avoid deciding, especially on a matter of first impression. Plaintiff's allegations go to the very heart of the interplay between local and state law, as it pertains to building codes, labor law, and the proper administration of both. "[I]t is fundamental that 'needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.'" *Young v. N.Y.C. Trans. Auth.*, 903 F.2d 146, 163-64 (2d Cir. 1990), *cert denied*, 498 U.S. 984 (1990) (quoting *Gibbs*, 383 U.S. at 726). Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's State law claim pursuant to section 1367(c)(1). *See City of New Rochelle*, 111 F. Supp. 2d at 371 (analyzing section 1367(c)(1) and finding that "[r]esolution of the State issues here require a determination of the parameters of state and municipal authority, and will therefore have wide-reaching impact on issues fundamental to governance of New York State"); *Sherman*, 2001 WL 1448613, at *4-5 (exercising discretion to remand state law claims because "[t]he crux of plaintiff's state law claim is that the Town's attempt to block his proposed development exceeded the authority granted to municipalities under [state law]"); *GBI Holding Co.*, 2012 WL 1610093, at *5 (declining supplemental jurisdiction over state law claims which "present[ed] complex and interrelated questions of state real property law, constitutional law and administrative law").

### 2. *28 U.S.C. § 1367(c)(2)*

Plaintiff argues that her section 1983 claim "is only an incident or adjunct of the state claim." Dkt. No. 3. The State law cause of action seeks a substantive determination regarding the validity of Local Law No. 1. The federal cause of action seeks ancillary damages resulting from the Town's conduct as it pertains to the issuance of her building permit under Local Law No.1.

17

Thus, Plaintiff argues, "[t]he state law cause of action is clearly the predominant matter herein." Dkt. No. 3-1, ¶ 11; *see also* Dkt. No. 7, ¶ 27 (arguing that "the main conflict [ ] lies in the question of the extent to which local law in question (Town Local Law No. 1 of 2007) conflicted, if at all, with the State Labor Department's Article 30 of the State Labor Law, and Title 12 New York Codes, Rules and Regulations Part 56-5").

Where the state claims "constitute the real body of a case" to which federal claims are "an appendage," declining jurisdiction under this section 1367(c)(2) is appropriate to prevent a situation where "permitting litigation of all claims in the district court can accurately be described as allowing a federal tail to wag what is in substance a state dog." *State of New York v. Phillip Morris Inc.*, No. 97 CIV. 794, 1998 WL 2574, *2 (S.D.N.Y. Jan. 5, 1998). "State law claims can predominate 'in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought.'" *Dedalus Foundation v. Banach*, No. 09 Civ. 2842, 2009 WL 3398595, *5 (S.D.N.Y. Oct. 16, 2009) (citing *Gibbs*, 383 U.S. at 726). In making this determination, courts consider "whether the state law claims are more complex or require more judicial resources to adjudicate or are more salient in the case as a whole than the federal law claims." *Id.* (citation omitted).

The State law claim in the instant matter presents the core issue that must be resolved before any court can reach the federal claim. If it is found that Local Law No. 1 was not adopted or applied in contravention of controlling State law, such a ruling will significantly narrow the scope of the issues to be decided on the federal claim. If, on the other hand, it is found that the Town violated State law, resolution of the federal claim will be largely focused on the issue of damages. In either event, this case presents a state dog with a federal tail. Accordingly, the Court also declines to exercise supplemental jurisdiction under section 1367(c)(2). *See GBI Holding*

*Co.*, 2012 WL 1610093, at *4 (finding that the state law dispute over a conditional land use permit substantially predominated over the section 1983 claim for damages).

Finally, the values of economy, convenience, fairness, and comity are promoted by declining supplemental jurisdiction over Plaintiff's state law claim. The litigation is still in its early stages; Defendants have not yet answered or otherwise responded to the petition here or in state court. Litigating the state law issues in state court would not prejudice either party, nor would doing so be any less convenient to the parties were the case to remain in federal court. Last, and perhaps most important, resolution of the state law issues in state court will also avoid needless decisions of state law in the interest of comity. *See Dedalus*, 2009 WL 3398595, at *6.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court declines to exercise supplemental jurisdiction over Plaintiff's State law claim pursuant to 28 U.S.C. § 1367(c)(1) and (2), and remands that claim to the New York State Supreme Court for adjudication. The Court retains jurisdiction over Plaintiff's federal claim, and stays the case pending resolution of the State law claim. *See City of New Rochelle*, 111 F. Supp. 2d at 373; *Sherman*, 2001 WL 1448613, at *5; *Nelson*, 492 F. Supp. 2d at 288-89.

Accordingly, the Court hereby

**ORDERS** that Plaintiff's state law claim is remanded to the New York State Supreme Court for Onondaga County; and the Court further

**ORDERS** that Plaintiff's federal claim is stayed pending resolution of the state law claim; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 18, 2013
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge